THE CINCINNATI RUBBER MANUFACTURING COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104530. Promulgated February 25, 1942.

*John H. More, Esq.*, for the petitioner.
*Donald P. Moyers, Esq.*, for the respondent.

### OPINION.

TYSON: This proceeding seeks redetermination of an income tax deficiency of $521.16 for the calendar year 1938.

The only issue is whether respondent erred in disallowing a claimed deduction of $2,742.93 representing the amount of unjust enrichment tax paid by petitioner during the taxable year 1938.

We find the facts as stipulated by the parties and such stipulated facts as are not set forth herein are incorporated by reference.

The petitioner, an Ohio corporation having its principal office at Norwood, Ohio, filed its Federal income tax return for the calendar year 1938 with the collector of internal revenue for the first district of Ohio.

Petitioner keeps its books and records and files its tax returns on the accrual basis of accounting. During 1938 it paid to the United States

Government certain unjust enrichment taxes described by Title III of the Revenue Act of 1936, in the amount of $2,742.93.

In its income tax return for 1938 petitioner deducted the amount of $2,742.93 from gross income as "taxes paid or accrued within the taxable year" under the provisions of section 23 (c) (1) of the Revenue Act of 1938.[1] The respondent disallowed the claimed deduction on the ground that the unjust enrichment tax is an income tax which is *not* deductible from gross income under section 23 (c) (1), *supra.*

The petitioner contends that under the various provisions prescribing the levy, computation, etc., of the unjust enrichment tax as set forth in sections 501-506 of Title III of the Revenue Act of 1936, Congress intended to levy a special tax to accomplish certain purposes, i. e., the recapture of the Agricultural Adjustment Act excise taxes (which act had been held by the Supreme Court to be unconstitutional), the burden of which was shifted by the taxpayer to other persons; that such unjust enrichment tax is not a true income tax, but is intended to be of a different character from the "Income Tax" imposed by Title I of that act, since if not so intended Congress would have merely amended Title I so as to embrace therein such unjust enrichment tax; and that Congress did not intend to include such unjust enrichment tax within the exception provided in section 23 (c) (1), *supra.*

Section 501 (a) of Title III of the Revenue Act of 1936[2] defines the tax on unjust enrichment as a tax "upon the *net income* of every person which arises from the sources specified" and as being "in addition to any *other tax on net income*" (italics supplied), and other subdivisions of section 501 set forth the various elements which enter

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions :

\* \* \* \* \* \* \*

(c) TAXES GENERALLY.—Taxes paid or accrued within the taxable year, except—

(1) Federal income, war-profits, and excess-profits taxes (other than the excess-profits tax imposed by section 106 of the Revenue Act of 1935 or by section 602 of this Act).

[2] SEC. 501. TAX ON NET INCOME FROM CERTAIN SOURCES.

(a) The following taxes shall be levied, collected, and paid for each taxable year (in addition to any other tax on net income), upon the net income of every person which arises from the sources specified below :

(1) A tax equal to 80 per centum of that portion of the net income from the sale of articles with respect to which a Federal excise tax was imposed on such person but not paid which is attributable to shifting to others to any extent the burden of such Federal excise tax and which does not exceed such person's net income for the entire taxable year from the sale of articles with respect to which such Federal excise tax was imposed.

(2) A tax equal to 80 per centum of the net income from reimbursement received by such person from his vendors of amounts representing Federal excise-tax burdens included in prices paid by such person to such vendors, to the extent that such net income does not exceed the amount of such Federal excise-tax burden which such person in turn shifted to his vendees.

(3) A tax equal to 80 per centum of the net income from refunds or credits to such person from the United States of Federal excise taxes erroneously or illegally collected with respect to any articles, to the extent that such net income does not exceed the amount of the burden of such Federal excise taxes with respect to such articles which such person shifted to others.

into and the method of computation of "gross income" and the "deductions" allowable in arriving at the "net income" subject to the tax. Section 502 [3] provides for a credit against the unjust enrichment tax of an amount computed with reference to "other Federal income and excess-profits taxes" and, further, section 503 (a) [4] provides that all the provisions applicable to taxes imposed by Title I, in so far as not inconsistent with Title III, shall be applicable to the taxes imposed by Title III, with certain exceptions not material here. The prescribed method of computation to be made in order to reach the amount of net income derived from unjust enrichment, for the purpose of applying thereto a rate of taxation different from the rate applied to other net income, clearly demonstrates that Congress intended the tax imposed by section 501, *supra*, to be an income tax separate, distinct, and apart from and in addition to other income taxes, but nevertheless an income tax just as are the income taxes imposed by Title I.

In *Steinhagen Rice Milling Co.* v. *Scofield*, 87 Fed. (2d) 804; certiorari denied, 300 U. S. 663, where the contention was made by the taxpayer that the tax on unjust enrichment there involved was not an income tax within the meaning of the Sixteenth Amendment, the court, in denying an injunction sought to stay the collection of such unjust enrichment tax, held, *inter alia*, that "the tax imposed * * * is an income tax, notwithstanding the rate of taxation is very much greater than that imposed on any other source of income." See also *Kingan & Co.* v. *Smith*, 17 Fed. Supp. 217 (Dist. Ct. S. Dist. Ind.).

The unjust enrichment tax is, by the very terms of the statute imposing it, an income tax, and, in our opinion, it clearly falls within the specific exception of section 23 (c) (1), *supra*, which denies as a deduction from gross income all Federal income taxes other than certain enumerated excess profits taxes.

The respondent did not err in his determination that the amount of $2,742.93 unjust enrichment tax paid by petitioner during 1938 is not deductible from gross income for that year under section 23 (c), *supra*.

*Decision will be entered for the respondent.*

---

[3] SEC. 502. CREDIT FOR OTHER TAXES ON INCOME.

There shall be credited against the total amount of the taxes imposed by this title an amount equivalent to the excess of—

(a) The amount of the other Federal income and excess-profits taxes payable by the taxpayer for the taxable year, over

(b) The amount of the other Federal income and excess-profits taxes which would have been payable by the taxpayer for the taxable year if his net income were decreased by the amount of net income taxable under this title.

[4] SEC. 503. ADMINISTRATIVE PROVISIONS.

(a) All provisions of law (including penalties) applicable with respect to taxes imposed by Title I of this Act, shall, insofar as not inconsistent with this title, be applicable with respect to the taxes imposed by this title, except that the provisions of sections 101, 131, 251, and 252 shall not be applicable.